UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RACHEL GALARZA** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | |
| **OCHSNER HEALTH** | * | |
| **SYSTEMS, INC.** | * | MAGISTRATE JUDGE |
| | | |
| FILED:_____ | | DEPUTY CLERK:_____ |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action asserted by **RACHEL GALARZA** under the Americans with Disabilities Act, 42 U.S.C.A. § 12101, et seq. (hereinafter the "ADA") to correct unlawful employment practices on the basis of disability; under the Louisiana Employment Discrimination Act, LSA-R.S. 23:301, et seq. (hereinafter the "LEDA") to correct unlawful employment practices on the basis of gender and disability; under the Equal Pay Act, 29 U.S.C.A. § 206 (hereinafter the "EPA") to correct inequities in the wages and salary that was paid to women versus men; the Louisiana Unfair Trade Practices Act, LSA-R.S. 51:1401, et seq. (hereinafter the "LUTPA") to correct the unfair trade practices employed by Defendant, and the Louisiana tort cause of action intentional infliction of emotional distress to hold Defendant liable for the emotional distress it inflicted on **RACHEL GALARZA** through its extreme and outrageous conduct and to provide appropriate relief to **RACHEL GALARZA**, who was injured by the discriminatory and wrongful practices set forth herein.

1

## JURISDICTION AND VENUE

1.

This action is instituted pursuant to the provisions of Federal and Louisiana state law. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1331 and supplemental jurisdiction pursuant to the provisions of 28 U.S.C.A. § 1367. Additionally, this Honorable Court has pendant jurisdiction over **RACHEL GALARZA'S** claims based on state law.

2.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391. The employment practices alleged to be unlawful were committed within the jurisdiction of this Court and a substantial part of the events or omissions giving rise to the claim occurred in this district.

3.

At all times relevant herein, **RACHEL GALARZA** worked for Defendant within the Middle District of Louisiana, performed the functions of her position with Defendant in this district, was supervised within this district, and her supervisor was based in this district.

4.

**RACHEL GALARZA** is a person of the full age of majority, domiciled in the County of Dallas, State of Texas.

5.

However, at all times relevant hereto, **RACHEL GALARZA** was domiciled in the Parish of East Baton Rouge, the Parish in which she was based and the Parish in which the vast majority of the discriminatory and otherwise unlawful conduct complained of herein occurred.

6.

Made defendant herein is Ochsner Health Systems, Inc. (hereinafter "Defendant"), a domestic corporation authorized to do and doing business in the State of Louisiana, domiciled at 1514 Jefferson Highway, New Orleans, Louisiana 70121; having extensive facilities and conducting business in the Parish of East Baton Rouge, State of Louisiana; which may be served through its agent for service of process: Christina R. Wheat, 1515 Jefferson Highway, New Orleans, Louisiana 70121; and, which is justly and truly indebted unto **RACHEL GALARZA** for all sums reasonable under the premises, punitive damages, treble damages, reasonable attorney's fees, all court costs and litigation expenses incurred in these proceedings including, but not limited to, expert witness fees, together with legal interest from the date of judicial demand until paid in full, for all costs of these proceedings, and all other relief to which Petitioner is entitled at law or in equity.

7.

Prior to the filing of this Complaint, **RACHEL GALARZA** filed a Charge of Discrimination with the Equal Employment Opportunity Commisson ("EEOC") alleging that Defendant violated the provisions of the ADA, 42 U.S.C.A. § 12101, et. seq. The EEOC rendered its determination on **RACHEL GALARZA'S** charges and issued a right to sue letter to **RACHEL GALARZA** dated August 15, 2012 and received by **RACHEL GALARZA** on August 20, 2012. All conditions precedent to the institution of this lawsuit under the ADA have been fulfilled.

8.

Likewise, prior to the filing of this Complaint, on or about July 30, 2012, **RACHEL GALARZA** sent a demand letter to Defendant pursuant to the provisions of LEDA, LSA-R.S. 23:301, et seq. including, but not limited to, LSA-R.S. 23:303, detailing the gender and disability discrimination that Defendant subjected **RACHEL GALARZA** to during her employment with Defendant. All conditions precedent to the institution of this lawsuit under LEDA have been fulfilled.

9.

Defendant is a health care provider with locations throughout south Louisiana including parishes located within the Middle District of Louisiana and headquarters in Orleans Parish, Louisiana.

10.

Defendant promotes itself and presents itself to the public as "a global medical and academic leader who will save and change lives."

11.

Defendant hired Rachel Galarza on March 31, 2008 as a Referral Coordinator.

12.

As a Referral Coordinator, Rachel Galarza's duties and responsibilities included, but were not limited to, the following: managing and responding to correspondence, phone calls, and patient inquiries; documenting patient insurance benefits, financial responsibility, and authorizations in the database to ensure that patient records were properly maintained; and

creating, developing, and executing team building plan to improve departmental processes and procedures.

13.

Throughout the time that Defendant employed **RACHEL GALARZA** as a Referral Coordinator for Defendant, her work was praised and she was deemed to be an exemplary employee.

14.

Therefore, on or about June 1, 2009, Defendant rewarded **RACHEL GALARZA** for her strong work ethic, high standards for herself and her departments, and her overall excellent job performance by promoting her to the position of Clinical Services Manager operating out of Defendant's Bluebonnet location in East Baton Rouge Parish.

15.

As Clinical Services Manager, **RACHEL GALARZA**, managed four (4) of Defendant's locations and five (5) of its departments and her responsibilities included, but were not limited to, the following: developing and maintaining relationships with senior leadership and physician department leaders, partnering with the Marketing Department to create and execute business development plans and ensure regional growth, coordinating the implementation of disease management/wellness systems under the direction of physicians, developing department specific processes to assure an environment focused on patient satisfaction and quality healthcare, and ensuring quality improvement by implementing professional standards, preparing department question and answer plans, collecting and analyzing quality data, participating in interdisciplinary

question and answer teams, and developing expected patient outcomes.

16.

At the time of her promotion, **RACHEL GALARZA** reported to Nga Vu, one of Defendant's Assistant Vice Presidents.

17.

When she began working for Defendant as a Clinical Services Manager, **RACHEL GALARZA** continued to report to Nga Vu, Assistant Vice President.

18.

On or about January 3, 2011, **RACHEL GALARZA** was diagnosed with breast cancer which resulted in **RACHEL GALARZA** being disabled under both Federal and Louisiana law.

19.

At the time of this diagnosis, **RACHEL GALARZA** remained employed by Defendant in her position as a Clinical Services Manager supervising four (4) of Defendant's locations and five (5) of its departments.

20.

Between June 1, 2009 when Defendant promoted her to Clinical Services Manager and January 3, 2011 when she was diagnosed with breast cancer, **RACHEL GALARZA** had been reviewed by Defendant multiple times and all of these reviews confirmed that she was an exemplary employee who either met expectations or exceeded the expectations that Defendant had for her.

21.

On or about January 21, 2011, **RACHEL GALARZA** had a double mastectomy and was advised to take off eight (8) weeks to recover.

22.

Instead, due to her dedication to Defendant and her strong work ethic, **RACHEL GALARZA** only took off four (4) weeks before returning to work.

23.

**RACHEL GALARZA** returned to work because despite her disability, she was qualified for her job as Clinical Services Manager.

24.

Defendant had actual knowledge of **RACHEL GALARZA'S** disability because she specifically informed Defendant of her diagnosis and the facts surrounding her treatment and recovery, disability and the reasonable accommodations that she requested and required.

25.

**RACHEL GALARZA** returned to work so soon after her initial surgery even though she was undergoing chemotherapy at the time and would in fact continue to undergo chemotherapy until September of 2011.

26.

Thereafter and despite her efforts to heal, **RACHEL GALARZA** required additional time off from work in order to continue her recovery from breast cancer.

27.

Additionally, **RACHEL GALARZA** was forced to undergo additional surgery in October of 2011

28.

As she did following the double mastectomy surgery, **RACHEL GALARZA** returned to work after her October 2011 surgery at a high level despite the disabilities that she faced from her surgeries and treatment.

29.

Subsequently, **RACHEL GALARZA** underwent a third surgery in February of 2012.

30.

As she had with her two prior surgeries, **RACHEL GALARZA** returned to work after her February 2012 surgery at a high level despite the disabilities that she faced from her surgeries and treatment.

31.

At all times relevant hereto, **RACHEL GALARZA** was an otherwise qualified disabled individual within the meaning of the ADA and LEDA, including but not limited to LSA-R.S. 23:323, because she suffered from a severe impairment that impaired her major life activities and required reasonable accommodations which Defendant denied.

32.

However, due to the difficulties, side-effects, and disabilities associated with her breast cancer, treatment, and multiple surgeries, **RACHEL GALARZA** required and requested

accommodations from Defendant throughout the time that she underwent and recovered from the multiple surgeries, the cancer, chemotherapy, and medical treatment.

33.

Initially, **RACHEL GALARZA** made these requests for accommodations from Nga Vu.

34.

After Ms. Vu was promoted to Chief Operating Officer of Ochsner Medical Center – West Bank Campus in April 2011, **RACHEL GALARZA** began reporting to Kristie Genzer, Vice President who replaced Ms. Vu.

35.

After the replacement of Ms. Vu, **RACHEL GALARZA** began making her requests for accommodations to Kristie Genzer.

36.

**RACHEL GALARZA'S** supervisors employed by Defendant had been well informed of the nature and extent of her disability and her need for reasonable accommodations.

37.

All of these requests for accommodations were reasonable and necessitated by her disability.

38.

Reasonable accommodations existed that would have allowed **RACHEL GALARZA** to perform the essential functions of her job with Defendant.

39.

Despite the existence of reasonable accommodations, Defendant failed to provide all of the requested and necessary reasonable accommodations to **RACHEL GALARZA**.

40.

Moreover, during her employment with Defendant, **RACHEL GALARZA** was subject to discrimination, harassed, treated differently from other employees, and suffered retaliation from Defendant all because of her disability and/or her gender.

41.

This discrimination, harassment, different treatment, and retaliation because of her disability and/or her gender includes, but is not limited to, improperly reviewing **RACHEL GALARZA** which prevented her from being promoted and/or considered for other positions with Defendant, providing **RACHEL GALARZA** with less assistance than what Defendant provided to non-disabled and/or male managers, applying Defendant's policies and procedures differently as between male and female employees and/or disabled and non-disabled employees, rejecting **RACHEL GALARZA'S** repeated requests for reasonable accommodations based upon her disability which would not have imposed an undue hardship on Defendant, paying **RACHEL GALARZA** disability pay in March of 2012 even though she was not on disability, violating the provisions of the Family Medical Leave Act and/or Defendant's policies regarding the Family Medical Leave Act, denying **RACHEL GALARZA'S** requests for transfer and/or promotions to a position that would not subject her to disability and/or gender discrimination, denying **RACHEL GALARZA'S** repeated requests for time off due to her disability, removing job

duties from **RACHEL GALARZA** which she was able to and requested to perform, and most importantly paying **RACHEL GALARZA** less as a manager than Defendant paid to male managers.

42.

Upon information and belief, this discrimination against women managers, including, but not limited to **RACHEL GALARZA**, based upon their gender extended to other female managers when compared to their male counterparts.

43.

**RACHEL GALARZA** complained to Defendant about its negative, intentional, discriminatory, harassing, retaliatory, and unlawful treatment of her.

44.

Moreover, despite Defendant's knowledge of the discriminatory actions of its employee directed at **RACHEL GALARZA**, Defendant failed to take adequate steps and/or employ proper corrective measures to investigate **RACHEL GALARZA'S** complaints and stop the discriminatory, harassing, and retaliatory actions of which she complained and which are alleged herein, failed to adequately train and/or supervise its employees, failed to act reasonably to prevent the discrimination from occurring, failed to implement and/or have in full force and effect an effective policy concerning discrimination.

45.

When Defendant failed to take adequate steps and/or employ proper corrective measures to investigate **RACHEL GALARZA'S** complaints and stop the discriminatory actions of which

she complained and which are alleged herein, **RACHEL GALARZA** filed a Charge of Discrimination with the EEOC while still employed by Defendant.

46.

Defendant responded to these complaints and/or **RACHEL GALARZA'S** filing of a Charge of Discrimination with the EEOC by retaliating against **RACHEL GALARZA** and continuing its harassing, intentional, discriminatory, and unlawful treatment of **RACHEL GALARZA**.

47.

Defendant's harassing, intentional, discriminatory, and unlawful treatment of **RACHEL GALARZA** and its retaliation against her culminated in May of 2012 when **RACHEL GALARZA** was forced to quit due to the discrimination and intentional mistreatment.

48.

Defendant's actions constitute a pattern of discrimination and retaliation on the basis of disability and/or gender prohibited by the ADA and LEDA.

49.

Moreover, Defendant's actions constitute tortious discharge prohibited by the ADA and LEDA.

50.

Additionally, Defendant's actions constitute an interference with **RACHEL GALARZA'S** rights under LSA-R.S. 23:967, and a violation of her rights under the Fourteenth Amendment to the United States Constitution and under Article I, §3, §4, and §5 of the Louisiana

Constitution.

51.

The termination of **RACHEL GALARZA'S** employment with Defendant constituted an unlawful, constructive discharge in violation of the ADA and LEDA.

52.

The discriminatory, harassing, retaliatory, and unlawful actions that Defendant subjected **RACHEL GALARZA** to violated the ADA.

53.

Likewise, the discriminatory, harassing, retaliatory, and unlawful actions that Defendant subjected **RACHEL GALARZA** to because of **RACHEL GALARZA'S** disability and/or gender violated the LEDA.

54.

Moreover, Defendant's policy of paying **RACHEL GALARZA** and other females less than similarly situated male employees violated the EPA.

55.

Additionally, the discriminatory, harassing, retaliatory, and unlawful actions by Defendant complained of herein constitute an unfair trade practice in Louisiana in violation of LUTPA.

56.

Furthermore, the actions by Defendant complained of herein were deliberate, intentional, and anticipated to cause emotional distress on the part of **RACHEL GALARZA** who was

attempting to beat the breast cancer that required her to undergo a double mastectomy in January of 2011, months of chemotherapy, subsequent surgeries, and long term treatment during the last approximately seventeen (17) months of her employment with Defendant.

57.

Therefore, the actions by Defendant complained of herein created a cause of action in favor of **RACHEL GALARZA** and against Defendant under Louisiana law pursuant to the tort of intentional infliction of emotional distress.

58.

The effect of the practices complained of herein has been to deprive **RACHEL GALARZA** of equal employment opportunities by denying her employment because of her disability and/or gender.

59.

As a result of Defendant's discriminatory, harassing, retaliatory, and unlawful practices and actions, **RACHEL GALARZA** has sustained damages which include, but are not limited to, emotional distress, humiliation, embarrassment, severe mental anguish, distress, physical pain and suffering, loss of enjoyment of her personal and professional lives, damage to her personal and professional reputations, past medical expenses, lost wages, back pay, loss of employment related benefits, and other such damages as will be more fully shown at the trial of this matter. Therefore, **RACHEL GALARZA** hereby requests that this Court grant the following relief:

    a.    Compensatory damages as a result of the discrimination, unfair trade practices, unequal pay, and intentional infliction of emotional distress;

    b.    Loss of income with benefits plus interest;

c.  Expungement of **RACHEL GALARZA'S** employment record with Defendant;

d.  Punitive damages;

e.  Treble damages;

f.  Legal interest from the date of demand;

g.  Reasonable attorney's fees; and,

h.  Any and all other relief to which **RACHEL GALARZA** is entitled.

60.

Defendant is responsible to **RACHEL GALARZA** under both Federal and State laws cited herein through direct participation or through agency principles or respondeat superior.

61.

**RACHEL GALARZA** is entitled to and desires an award of attorney's fees and all court costs and litigation expenses of these proceedings including expert witness fees in accordance with the applicable law.

62.

**RACHEL GALARZA** respectfully demands a trial by jury on all issues triable by jury.

**WHEREFORE, RACHEL GALARZA** prays for trial by jury and after all due proceedings are had that there be judgment rendered herein in **RACHEL GALARZA'S** favor and against Defendant Ochsner Health Systems, Inc., for:

a.  All sums as are reasonable in the premises;

b.  Compensatory damages as a result of the discrimination, unfair trade practices, unequal pay, and intentional infliction of emotional distress;

c.  Loss of income with benefits plus interest;

d.  Expungement of **RACHEL GALARZA'S** employment record with Defendant;

e.  Punitive damages;

f.  Treble damages;

g.  Legal interest from the date of demand;

h.  Reasonable attorney's fees; and,

i.  Any and all other relief to which **RACHEL GALARZA** is entitled at law or in equity.

                                      **RESPECTFULLY SUBMITTED:**

                                      **KEEGAN, DeNICOLA, KIESEL,**
                                      **BAGWELL, JUBAN & LOWE, LLC**

                                      _/s/ David A. Lowe_
                                      David A. Lowe, LSBA No. 24529
                                      5555 Hilton Avenue
                                      Suite 205
                                      Baton Rouge, LA 70808
                                      Telephone (225) 364-3600
                                      Telecopier (225) 364-3608
                                      COUNSEL FOR PLAINTIFF,
                                      **RACHEL GALARZA**